IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH JOHN MCNAMARA,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 24-131-M-DWM<br><br>ORDER |

On September 25, 2024, state pro se prisoner Joseph John McNamara ("McNamara") filed a handwritten document seeking appointment of counsel and a 90-day extension within which to take unidentified action. *See*, (Doc. 1.) The document was captioned for state court. (*Id*. at 1.)

Because it was unclear if McNamara intended to actually proceed in this Court, he was advised he would need to submit a 28 U.S.C. § 2254 habeas petition, using the Court's standard form. (Doc. 2.) He was also advised that since he had not yet sought habeas relief, both his request for counsel and for an extension were premature. He finally was informed he needed to either pay the filing fee or submit a motion to proceed in forma pauperis. (*Id*. at 1-2.) McNamara complied by filing an amended petition and paying the filing fee. (Doc. 3.)

The Court is required to screen all actions brought by prisoners who seek

1

relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. As explained below, because McNamara's claims are unexhausted, his petition will be dismissed without prejudice.

I.      **Motion to Proceed in Forma Pauperis**

McNamara seeks leave of the Court to proceed in forma pauperis. (Doc. 4.) Because he already paid the filing fee, however, the motion will be denied as moot.

II.     **Exhaustion**

Following a jury trial in Montana's Twenty-First Judicial District, Ravalli County, McNamara was convicted of Negligent Homicide and Criminal Endangerment. (Doc. 3 at 2-3.) McNamara was sentenced to the Montana State Prison for 55 years; written judgment was entered on August 18, 2020. (*Id.* at 2.) McNamara appealed. (*Id.* at 3.)

On appeal, McNamara argued that his two Criminal Endangerment convictions violated the state multiple charges statute, Mont Code Ann. § 46-11-410. *See, State v. McNamara*, 2023 MT 2, ¶ 8, 411 Mont. 159, 522 P. 3d 808. On January 3, 2023, the Montana Supreme Court affirmed, finding that the Criminal

Endangerment convictions were based on two distinct criminal offenses. *Id.* at ¶¶ 21-23.

McNamara indicates that he is waiting for review of his sentence with the Montana Sentence Review Division. (Doc. 3 at 3.) He is not sure if he has filed a petition for postconviction relief in the state district court but states he has not sought state habeas corpus relief. (*Id.* at 3-4.)

McNamara asserts in his present petition that a police officer lied on the witness stand, (*id.*), and that threats were made to a witness, compelling her testimony. (*Id.* at 5.) McNamara asks that he be convicted of a lesser sentence, that his sentences be ordered to run concurrently, that the case be dismissed, or that he be granted a new trial. (*Id.* at 7.)

As an initial matter, McNamara has not clearly identified a federal constitutional right which he believes to have been violated. He is advised that this Court may only entertain a habeas corpus petition if he demonstrates that he is in custody in violation of the Constitution or laws or treaties of the United States. (*See* 28 U.S.C. § 2254(a)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) (federal habeas corpus relief does not lie for errors of state law). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Thus, McNamara's current petition is not cognizable because he fails to identify a purported federal

constitutional violation. But that is not the only deficiency from which the petition suffers.

To the extent that McNamara could identify a cognizable federal claim, such claim is presently unexhausted. McNamara acknowledges that he has not yet presented his present claims to the state courts. A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th

4

Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claims McNamara attempts to advance. They were not presented on direct appeal, and there is no indication that the claims have been presented in any state collateral proceeding. McNamara must present the same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because McNamara has not yet completely exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing McNamara to return to this Court if and when he fully exhausts the claim relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

5

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

McNamara has not made a substantial showing that he was deprived of a federal constitutional right. Further, because his claims as pled are not cognizable and the petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. McNamara's motion for leave to proceed in forma pauperis (Doc. 4) is DENIED as moot.

2. McNamara's Amended Petition (Doc. 3) is DISMISSED without prejudice as unexhausted.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 2nd day of December, 2024.

Donald W. Molloy
United States District Court Judge